IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-319-KDB-DCK

| | |
|---|---|
| GISELLE MONIQUE RAMSEUR, | ) |
| | ) MEMORANDUM AND |
| Plaintiff, | ) RECOMMENDATION |
| | ) |
| v. | ) |
| | ) |
| DAVITA NORTH CHARLOTTE DIALYSIS CENTER, NOVANT HEALTH, INC., PRESBYTERIAN HOSPITAL, PIEDMONT MEDICAL CENTER, HOSPICE OF CHARLOTTE, FNU SANGHANI, and FNU LNU, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Hospice & Palliative Care Charlotte Region's Motion To Dismiss" (Document No. 10); "Defendant Dr. Sanghani's Motion To Dismiss" (Document No. 13); "Rule 12 Motion to Dismiss on Behalf of Piedmont Medical Center" (Document No. 15); "…Davita North Charlotte Dialysis Center's Amended Motion To Dismiss Plaintiff's Complaint" (Document No. 23); and "Defendant Novant Health, Inc. And Presbyterian Hospital's Motion To Dismiss" (Document No. 35). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that Defendants' motions to dismiss be <u>granted</u>.

**I. BACKGROUND**

Giselle Monique Ramseur ("Plaintiff" or "Ramseur"), appearing without counsel, initiated this action with the filing of a "Verified Bill In Equity" (Document No. 1) on May 2, 2025. *Pro*

*se* Plaintiff asserts that she is the daughter, next of kin, beneficiary, and equitable successor to decedent Melvin Ramseur, Sr. ("Mr. Ramseur"). (Document No. 1, p. 1).

The Complaint briefly describes medical treatment, or a lack thereof, for Mr. Ramseur. Id. Apparently, Mr. Ramseur began dialysis on or about May 10, 2012. Id. Plaintiff alleges that Mr. Ramseur "died July 4, 2020, due to dialysis denial." Id. The Complaint asserts causes of action for: (1) breach of express and constructive trust; (2) medical misconduct and fiduciary misrepresentation; (3) wrongful death under equitable survival and revival; and (4) estoppel and equitable tolling. (Document No. 1, pp. 1-2).

All of the named Defendants filed motions to dismiss between June 26, 2025, and July 2, 2025. See (Document Nos. 10, 13, 15, 23, and 35). The pending motions seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4), (5), and/or (6). Id. All the motions assert at least a lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or (2), and a failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Id. Plaintiff has filed responses to the pending motions to dismiss, and an "Amendment To Verified Equitable Response To All Motions To Dismiss." See (Document Nos. 27, 28, 40, 41, 42, 43, and 45). Defendant Piedmont Medical Center filed a "…Reply…" (Document No. 39); however, the remaining Defendants filed notices of intent not to file reply briefs pursuant to LCvR 7.1(e). See (Document Nos. 44, 48, 49, 50. 51).

These pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II. STANDARDS OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.

2

1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The crux of the pending motions to dismiss is that this Court lacks subject matter jurisdiction because there is not complete diversity between the parties and there is no federal question, and because Plaintiff's claims are time-barred.

First, as shared by Defendants Novant Health and Presbyterian Hospital, the undersigned notes the following instructive legal authority:

> questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, **must**) be raised *sua sponte* by the court." *Id.* (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) (emphasis added). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action." (emphasis added)).

> "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood*, 369 F.3d at 390 (quoting Bender, 475 U.S. at 541). "Thus, original jurisdiction lies in **two** types of cases: (1) those involving **federal questions** and (2) those involving **diversity of citizenship**." *Reid v. Novant Health Ins. Bin for Kernersville Location*, No. 1:24-CV-00708, 2024 U.S. Dist. LEXIS 243249, *2 (M.D.N.C. Dec. 31, 2024) (emphasis added) (citing 28 U.S.C. § 1331 and 1332(a)). "Plaintiff bears the burden of showing that jurisdiction exists." *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

(Document No. 36, pp. 4-5)(emphasis added by Defendants).

As noted by Defendant Sanghani, and others, Plaintiff's "Verified Bill In Equity" (Document No. 1) "alleges no basis for this Court to exercise either federal question or diversity jurisdiction." (Document No. 13-1, p. 3). Plaintiff's claims and allegations do not implicate any federal laws or the United States Constitution, nor do they allege complete diversity of the parties or a matter in controversy that exceeds $75,000. (Document No. 13-1, p. 4); see also (Document No. 1).

Plaintiff's "Verified Bill In Equity" does not address the citizenship of the parties, but it appears to be undisputed that Plaintiff is a citizen of North Carolina, and that most of the Defendants are citizens of North Carolina. (Document No. 1). "Parties are completely diverse only where 'no party shares common citizenship with any party on the other side.'" (Document No. 11, p. 5) (quoting Mayes v. Rapport, 198 F.3d 457, 461 (4th Cir. 1999)).

In addition, Defendants argue that Plaintiff's "Verified Bill In Equity" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the claims are time-barred by the applicable statutes of limitations. Defendant Hospice & Palliative Care's memorandum includes the following instructive authority:

> North Carolina's applicable statute holds, "Actions for damages on account of death of a person caused by the wrongful act, negligent or fault of another under G.S. § 28A-18-2" must be filed within two years of the death. N.C. Gen. Stat. § 1-53(4). In addition, the statute of limitations for an action "[u]pon a contract, obligation or liability arising out of a contract, express or implied" is three years. N.C. Gen. Stat. § 1-52(1). The statute begins to run when "the claimant 'knew or, by due diligence should have known,' of the facts constituting the basis for the claim." *Pittman v. Barker*, 117 N.C. App. 580, 591, 425 S.E.2d 326, 332 (1995) (quoting *Hiatt v. Burlington Industries, Inc.*, 55 N.C. App. 523, 529, 286 S.E.2d 566, 570 (1982)). Lastly, the statute of limitations "for personal injury or physical damage to claimant's property" is three years and begins to run when "bodily harm to the claimant or physical damage to his

5

> property becomes apparent or ought to become reasonably apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16).

(Document No. 11, p. 8).

Here Plaintiff's claims "arise out of issues and disputes about which the Plaintiff had knowledge as early as May 29, 2020, and certainly no later than [Mr.] Ramseur's date of death, July 4, 2020." (Document No. 11, p. 9) (citing Document No. 1, ¶¶ 8, 14). See also (Document No. 13-1, p. 8) ("Plaintiff's claims arose, at the latest, on July 4, 2020 and ran on July 4, 2022 (wrongful death) and July 4, 2023 (medical malpractice) respectively").

Plaintiff's responses fail to effectively rebut Defendants' arguments or persuasive legal authority; instead, Plaintiff makes a conclusory assertion that this Court has "original and exclusive jurisdiction in equity." (Document No. 28, p. 1). Plaintiff seems to suggest that her allegations of "equitable injury" and/or "equitable causes of action" sufficiently support this Court's jurisdiction and the denial of the pending motions to dismiss. (Document No. 28, pp. 1-2); see also (Document Nos. 27, 40, 41, 42, 43, 45). Plaintiff contends that the "Verified Bill arises solely in equity, not law [and] invokes the original and supreme jurisdiction of Chancery to redress breaches of fiduciary duty, abandonment of living estate, denial of life-sustaining care, concealment, and moral injury to trust beneficiaries." (Document No. 40, p. 1). Plaintiff further states that "[n]o legal statute can bar access to a court of equity when trust and conscience are at stake." Id. Essentially, Plaintiff concludes that this Court should ignore Defendants' arguments pursuant to Rule 12(b).

The undersigned finds Defendants' arguments and legal authority to be compelling. Most notably, there appears to be little, if any, meaningful dispute that the Court lacks subject matter jurisdiction. As such, the undersigned is persuaded that this action must be dismissed.

6

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Hospice & Palliative Care Charlotte Region's Motion To Dismiss" (Document No. 10) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant Dr. Sanghani's Motion To Dismiss" (Document No. 13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Rule 12 Motion to Dismiss on Behalf of Piedmont Medical Center" (Document No. 15) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "…Davita North Charlotte Dialysis Center's Amended Motion To Dismiss Plaintiff's Complaint" (Document No. 23) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant Novant Health, Inc. And Presbyterian Hospital's Motion To Dismiss" (Document No. 35) be **GRANTED**.

**IT IS FURTHER RECOMMENDED**, based on the foregoing, that Plaintiff's "Verified Equitable Motion For Honorary Naming As Part Of Restitution In Equity" (Document No. 60) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v.

Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: August 13, 2025

David C. Keesler
United States Magistrate Judge