IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00319-KDB-DCK

| | |
|---|---|
| GISELLE MONIQUE RAMSEUR,<br><br>Plaintiff,<br><br>v.<br><br>FNU SANGHANI;<br>NOVANT HEALTH, INC.;<br>DAVITA NORTH CHARLOTTE DIALYSIS CENTER;<br>PRESBYTERIAN HOSPITAL;<br>FNU LNU;<br>PIEDMONT MEDICAL CENTER; AND<br>HOSPICE OF CHARLOTTE,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff Giselle Ramseur's Motion for Reconsideration (Doc. No. 72). The Court has carefully considered this motion and Ms. Ramseur's brief in support of her motion. For the reasons discussed below, the Court will **DENY** the motion.

There is no specific rule of procedure governing "reconsideration." Rather, Federal Rule of Civil Procedure 60(b) ("Rule 60(b)")[1] states that the Court may provide a party relief "from a final judgment, order, or proceeding" under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] Although the pro se Plaintiff does not cite Rule 60(b), the Court will construe her motion as seeking relief under the Rule.

1

Case 3:25-cv-00319-KDB-DCK    Document 77    Filed 09/08/25    Page 1 of 3

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). The Court must therefore exercise appropriate caution in granting such relief and must also consider whether doing so would unfairly prejudice the party who received the initial favorable judgment. *Id.*

The Court concludes that reversal of the Court's dismissal order is not warranted. Ms. Ramseur primarily seeks to reverse the Courts decision because she believes the Court did not properly consider her "objection" to the M&R. *See* Doc. No. 72 at 2 ("The record now reflects dismissal premised upon an alleged want of objection, yet such objection was in fact duly filed …"). However, her "objection" states only, "A judicial officer may not assume the posture of an advocate or appear as counsel for a party. Neutrality is of the essence. Where a magistrate adopts the adversary's grounds and tenders dismissal on their behalf, such action is ultra vires, void ab initio …. No adjudicator may act with partiality or interest, and that due administration requires disqualification where neutrality is compromised …" Doc. No. 64 at 3.

It appears to the Court that Ms. Ramseur objects to the M&R only on the grounds that the magistrate judge recommended dismissal of the claims (which is indeed not in Ms. Ramseur's favor but does not itself reflect a lack of neutrality). Therefore, Ms. Ramseur has not provided any

2

basis for the Court to reverse its decision under Rule 60(b). Accordingly, the Court will not reopen her case.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 72) is **DENIED**; and

2. The Clerk is directed to continue to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: September 8, 2025

Kenneth D. Bell
United States District Judge